**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-00490-MDB

DAVID ULERY and THOMAS DOUGHTY,

    Plaintiffs,

v.

INSURANCE SUPERMARKET, INC. and EDM LEADS, LLC,

    Defendants.

**************************************************************************

INSURANCE SUPERMARKET, INC.,

    Third-Party Plaintiff,

v.

EDM LEADS, LLC, and John Doe,

    Third-Party Defendants.

**DEFENDANT INSURANCE SUPERMARKET, INC.'S THIRD-PARTY COMPLAINT
AGAINST EDM LEADS, LLC AND UNKNOWN JOHN DOE**

Defendant/Third-Party Plaintiff INSURANCE SUPERMARKET INC. ("ISI"), by and through its undersigned counsel, asserts claims of indemnification, contribution, and breach of contract against Third-Party Defendants EDM LEADS, LLC ("EDM") and JOHN DOE (collectively referred to herein as "Third-Party Defendants"), and in support states as follows:

**PARTIES**

1.    Defendant and Third-Party Plaintiff INSURANCE SUPERMARKET INC. is a Delaware corporation with a principal place of business in Miami, Florida.

1

2. Upon information and belief, Third-Party Defendant EDM LEADS, LLC is an Arizona limited liability company with a principal place of business in Gilbert, Arizona.

3. Upon information and belief, Third-Party Defendant, the Unknown John Doe Defendant, is a business entity and/or individual that was contracting with Third-Party Defendant EDM as to leads that were provided to ISI without ISI's knowledge or authorization. ISI does not presently have sufficient information to identify the John Doe Defendant but will do so through discovery or otherwise.

4. Upon information and belief, Plaintiff DAVID ULERY ("Ulery") is an individual who resides in Colorado Springs, Colorado.

5. Upon information and belief, Plaintiff THOMAS DOUGHTY ("Doughty") is an individual who resides in Kempner, Texas.

**VENUE AND JURISDICTION**

6. This Court has supplemental jurisdiction of the joinder claims in this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) because the claims asserted in this Third-Party Complaint are part of the exact same case-in-controversy and the claims are inextricably intertwined with the claims stated in Plaintiffs' Amended Complaint, which are properly before this Court as Plaintiffs allege a violation of a federal law, the Telephone Consumer Protection Act ("TCPA").

7. This Court has jurisdiction over the Third-Party Defendants because they have engaged in conduct relevant to the claims at issue in this case in the State of Colorado and/or have systematic and continuous contacts with the State of Colorado and have otherwise availed

themselves to the jurisdiction of Colorado. In fact, Plaintiffs specifically named EDM as a Defendant in the underlying action.

8.  Venue is appropriate in the District Court of Colorado under 28 U.S.C. § 1391 because a substantial portion of the alleged events giving rise to Plaintiffs' claims, and Third-Party Plaintiff's claims, occurred in this District.

## ABOUT INSURANCE SUPERMARKET INC.

9.  ISI is in the business of providing insurance services to clients.

10. ISI contracts with service providers that agree to use all commercially reasonable and lawful methods to generate valid, legally compliant, and usable leads for potential clients that have consented to be contacted about insurance services offered by ISI.

11. ISI directly contracts with EDM to obtain leads.

12. Upon information and belief, EDM also has a contractual relationship either directly, or through Third-Party Defendant Unknown John Doe, to supply one another with leads to sell to businesses like ISI ("Third-Party Beneficiaries"), and ISI is a third-party beneficiary of that contract.

## BACKGROUND AND PROCEDURAL HISTORY

13. On February 22, 2023, Ulery filed a four-count Complaint against ISI, alleging violations of the TCPA ("Complaint"). [Dkt.1].

14. In response, on May 22, 2023, ISI filed a Motion to Dismiss and Strike Plaintiff's Complaint. [Dkt.18].

15. On June 8, 2023, Ulery was joined by Doughty (hereinafter collectively referred to as "Plaintiffs") in filing a five-count Amended Complaint against ISI, adding EDM as a Defendant, and alleging violations of the TCPA ("Amended Complaint"). [Dkt. 24].

16. In their Amended Complaint, Plaintiffs allege that Ulery "received at least 15 calls" and Doughty "received over 10 [calls]" from "Sam from DIS/BIS Insurance" that violate the TCPA. [Dkt. 24 at ¶¶ 28, 49].

17. Plaintiffs allege that the calls from "Sam from DIS/BIS Insurance" were either made by ISI or on ISI's behalf to promote ISI's product and services. [Dkt. 24 at ¶¶ 25, 61].

18. Doughty further alleges that on January 7, 2023, he responded to a prerecorded call that was placed to his secondary cellular telephone number ending in "5788" that was not registered on the Do-Not-Call list ("DNC"), and that he was transferred to an ISI employee who promoted ISI's services. [Dkt. 24 at ¶ 54].

19. Plaintiffs further allege that EDM is the "Gatekeeper" as it is the lead generator who provided ISI with a lead to Doughty and Ulery allegedly received the identical prerecorded "Sam" call as Doughty. [Dkt. 24 at ¶ 34].

20. Plaintiffs asserts that they have been harmed by the calls because their privacy has been violated and because they have been harassed and annoyed. [Dkt. 24 at ¶ 80]. They further assert that they have been harmed by use of their telephone cellular data, phone storage, and battery life, and the intrusion on their phones that created a disruptive nuisance. [Dkt. 24 at ¶ 80].

21. Plaintiffs seek to bring their case on a class basis. [Dkt. 24 at ¶¶ 122-123].

22. On June 22, 2023, ISI filed its Motion to Dismiss and Strike Plaintiffs' Amended Complaint, wherein it denied all liability for the allegations in Plaintiffs' Amended Complaint. [Dkt. 31].

23. None of the calls at issue in Plaintiffs' Amended Complaint were made by ISI.

24. ISI was never transferred a call regarding or otherwise connected to Plaintiff Ulery. Any other communication between Plaintiff Doughty and ISI was a result of a lead that EDM and John Doe provided to ISI.

25. EDM represented to ISI that the provided leads—including, but not limited to, Doughty's lead—were valid, legally compliant, and usable, and that the potential customer—including Doughty—had previously provided express consent to be contacted about insurance services, even if the potential customer was on a Do Not Call list.

26. As described below, ISI asserts that any liability resulting from Plaintiffs' lawsuit arises from the acts, errors, omissions and/or other conduct of the Third-Party Defendants and that ISI is entitled to indemnification, contractual indemnification and/or contribution.

## FACTUAL ALLEGATIONS

27. Doughty alleges that he has a cellular phone, which is assigned a telephone number ending in 5788. [Dkt. 24 at ¶ 54].

28. Doughty alleges that on January 7, 2023, he received a prerecorded call on his telephone number ending in 5788 that was not registered on the DNC. [Dkt. 24 at ¶ 54].

29. Doughty alleges that during the call, he responded to the prerecorded message and then spoke to an individual named "Beshay" (phonetic) who identified herself as an employee of ISI and promoted ISI's services and was again transferred to another individual named Dionne Dearing. [Dkt. 24 at ¶ 54].

30. The communications between Doughty and ISI were a result of a lead provided by Third-Party Defendants. [Dkt. 24 ¶¶ 19, 34].

31. EDM represented to ISI that the provided leads—including, but not limited to, Doughty's lead—were valid, legally compliant, and usable, and that the potential customer—including Doughty—had previously provided express consent to be contacted about insurance services, even if the potential customer was on a Do Not Call list.

32. Upon information and belief, Third-Party Defendants placed the call on January 7, 2023, to Doughty.

33. Upon information and belief, Third-Party Defendants may have initiated similar calls to others, which were then provided to ISI as valid, legally compliant, and usable leads.

34. As a result, any liability resulting from the alleged calls made to Plaintiffs, or similar calls to the alleged putative class members, arise from the acts, errors, omissions and/or other conduct of the Third-Party Defendants and ISI is entitled to indemnification, contractual indemnification and/or contribution.

### *Additional Facts Pertaining to EDM*

35. EDM is a service provider that provides leads to ISI.

6

36. On or about January 28, 2022, ISI and EDM entered into a Master Services Agreement ("EDM Agreement").[1]

37. The EDM Agreement was effective at the time relevant to the claims made by Plaintiffs in their Amended Complaint.

38. Pursuant to the EDM Agreement, EDM, as the "Service Provider" agreed to supply call leads to ISI, and made the following representations:

    a) Service Provider will assure that the Lead Provider Telephone Numbers Advertisements, properly function and direct an End Consumer to Purchaser offering information on insurance products.

    b) Service Provider hereby represents and warrants that it will comply with all applicable laws.
…
    d) Services provided will not be false or misleading and will not contain any content that is in any way libelous, harmful, obscene, harassing, or racially, ethnically, or otherwise objectionable to a reasonable person.
…
    f) TCPA Compliance. Service Provider agrees to provide ISI constant access to Service Provider's database of consumers and consumer information (including, but not limited to, full name, telephone number, and email address) who have informed Service Provider that they no longer wish to be contacted by or on behalf of Service Provider including, but not limited to, opt-outs, aggregations of consumer opt-outs, Federal Trade Commission's Do-Not-Call List consumers, do-not-email lists, Service Provider's internal Do- Not-Call list, and any other such information ("DNC List") and to separately and individually provide such DNC List to ISI prior to the start of any each Insertion Order. Service Provider shall maintain and keep updated the DNC List on a daily basis and notify ISI of any updates to such DNC List. Service Provider, without limitation, represents and warrants that the information contained in the DNC List is accurate, up to date, and can be relied upon by ISI in performance of the Services. Further, Service Provider shall individually inform ISI of and when Service Provider receives such additions to its DNC List.
…

---

[1] ISI is filing a motion to restrict as to the Agreement for the Court's approval to provide the Agreement to the Parties. The Agreement is referred to herein as **Exhibit 1**.

> h) Service Provider will ensure at the time of delivery of any Leads to ISI, the Lead is delivered with either a valid Trusted Form certificates and/or Jornaya tokens or any other form of recognized certification as ISI deems as acceptable. In the event the Service Provider is unable to do so, Service Provider must ensure that it has on record a valid Trusted Form certificate or a Jornaya token for each Lead provided to ISI, should ISI request proof and validation.
>
> …
>
> j) Service Provider shall ensure that it has obtained and recorded the affirmed consent of any and all customers sold to ISI prior to ISI's initial contact with the customer. Upon written request by the Purchaser, Lead Provider shall provide proof of the consent of which shall not be unreasonably withheld or without undue delay.

*See* **Ex. 1** at ¶3.2.

39. The EDM Agreement further included an Indemnification provision which, in relevant part, provides that:

> **Indemnification by Service Provider.** Service Provider shall indemnify, defend, and hold ISI, its vendors, affiliates, directors, officers, employees, suppliers, agents, successors, and assigns harmless from and against all actual or alleged direct liabilities, losses, costs, claims, expenses, (including reasonable attorney's fees), and damages of any kind relating to or arising from or in connection with alleged or actual infringement by the Service Provider of a third party's intellectual property rights or other rights in connection with the supply or performance of Services under the Agreement; (ii) any act or omission related to Service Provider's performance of its obligations or failure to perform its obligations under this Agreement and any applicable IO, (ii) any failure by Service Provider to comply with representations and warranties hereunder; (iv) any and all violation of law, rule, regulation, or other such binding legal authority by Service Provider; or (vi) Service Provider's infringement of the Intellectual Property of any third party or breach of this Agreement and/or any IO(s).

*See* **Ex. 1** at ¶9.a.

8

## COUNT I
## BREACH OF CONTRACT – EDM

40. ISI restates and incorporates by reference Paragraphs 1-39, as if fully set forth herein.

41. ISI entered into a valid agreement with EDM. *See* **Ex. 1**.

42. Pursuant to the EDM Agreement, EDM, agreed that all leads provided to ISI would be valid, legally compliant, and usable, and that the potential customer—including Plaintiff Doughty—had consented to be contacted about insurance services. *See* **Ex. 1** at ¶ 3.2.

43. EDM sourced Doughty's lead to ISI.

44. Plaintiffs allege that EDM also sourced a lead for Ulery.

45. In the Amended Complaint, Doughty alleges that he received a prerecorded call on his telephone number ending in "5788" on January 7, 2023, and that the call violated the TCPA. Doughty further alleges that he received the same prerecorded call on his telephone numbers ending in "0995" and "4946" beginning on or about December 21, 2022, through March 20, 2023. Ulery alleges that he received the same prerecorded call on his telephone number ending in "7000" beginning on or about March 15, 2022, through January 30, 2023. Plaintiffs purport to bring their case on a class basis. Plaintiffs seek damages from ISI and EDM.

46. Although EDM was required to provide ISI with valid, legally compliant, and usable call leads, and represented that the potential customer consented to be contacted about insurance services, EDM provided ISI with a lead that Doughty now claims was not valid and violative of the TCPA.

9

47. If Plaintiffs or, to the extent the case is certified to proceed on a class basis, any putative class member prevail on their claims, they would only do so based on EDM's breach of the contract with ISI.

48. Due to EDM's breach, ISI has been damaged in an amount equal to any legal fees, costs, or expenses that it has incurred in defending the claims in Plaintiffs' Amended Complaint and will continue to be damaged in an amount equal to any legal fees, costs, or expenses incurred in continuing to defend against Plaintiffs' Amended Complaint, and in an amount equal to any monies ISI may pay to satisfy any settlements of, or judgments related to Plaintiffs' Amended Complaint.

WHEREFORE, ISI respectfully requests this Court to enter judgment in ISI's favor on the claim set forth above and award ISI damages resulting from the breach, and any other relief permitted under the contract, including, but not limited to, ISI's attorneys' fees and costs, and that this Court deems applicable, just and proper.

## COUNT II
## BREACH OF CONTRACT AS THIRD-PARTY BENEFICIARY – EDM AND JOHN DOE

49. ISI restates and incorporates by reference Paragraphs 1-48, as if fully set forth herein.

50. Upon information and belief, EDM and Third-Party Defendant Unknown John Doe have a contractual relationship to supply one another with valid, legally compliant, and usable leads to sell to Third-Party Beneficiaries, and ISI is a Third-Party Beneficiary of that contract.

51.     In the Amended Complaint, Doughty alleges that he received a prerecorded call on his telephone number ending in "5788" on January 7, 2023, and that the call violated the TCPA. Doughty further alleges that he received the same prerecorded call on his telephone numbers ending in "0995" and "4946" beginning on or about December 21, 2022, through March 20, 2023. Ulery alleges that he received the same prerecorded call on his telephone number ending in "7000" beginning on or about December 21, 2022, through January 30, 2023. Plaintiffs purport to bring their case on a class basis. Plaintiffs seek damages from ISI and EDM.

52.     EDM and John Doe sourced leads, including but not limited to Doughty's lead, and supplied it to ISI as a third-party beneficiary of their agreement.

53.     If Plaintiffs or, to the extent the case is certified to proceed on a class basis, any putative class member prevail on their claims, they would only do so based on a breach of the contract between EDM and John Doe, for which ISI is a Third-Party Beneficiary.

54.     Due to EDM and John Doe's breach, ISI has been damaged in an amount equal to any legal fees, costs, or expenses that it has incurred in defending the claims in Plaintiffs' Amended Complaint and will continue to be damaged in an amount equal to any legal fees, costs, or expenses incurred in continuing to defend against Plaintiffs' Amended Complaint, and in an amount equal to any monies ISI may pay to satisfy any settlements of, or judgments related to Plaintiffs' Amended Complaint.

WHEREFORE, ISI respectfully requests this Court to enter judgment in ISI's favor on the claim set forth above and award ISI damages resulting from the breach and any other relief permitted under the contract, including, but not limited to, ISI's attorneys' fees and costs, and that this Court deems applicable, just and proper.

## COUNT III
## INDEMNIFICATION – EDM

55. ISI restates and incorporates by reference Paragraphs 1-54, as if fully set forth herein.

56. ISI denies the allegations in Plaintiffs' Amended Complaint.

57. The allegations in Plaintiffs' Amended Complaint were the direct and proximate result of the conduct, actions, and omissions of EDM and/or its agents, representatives and employees and were in no way the result of any conduct, act, or omission by ISI.

58. In the event that ISI is found to be liable to Plaintiffs or, to the extent the case is certified to proceed on a class basis, any putative class member, Third-Party Defendants are wholly liable to the Plaintiffs or any putative class member, and Third-Party Defendants are wholly liable to ISI to indemnify ISI for any claims, lawsuits, or liability including costs and attorneys' fees incurred as a result of the alleged losses suffered by the Plaintiffs and the putative class members they seek to represent.

WHEREFORE, if ISI is found liable to the Plaintiffs or any putative class member, ISI is entitled to indemnification from the Third-Party Defendants.

## COUNT IV
## CONTRACTUAL INDEMNIFICATION – EDM

59. ISI restates and incorporates by reference Paragraphs 1-58 as if fully set forth herein.

60. ISI entered into an agreement with EDM. *See* **Ex. 1**.

61. The EDM Agreement provides that EDM would supply valid, legally compliant and usable call leads to ISI.

62. In the Amended Complaint, Doughty alleges that he received a prerecorded call on his telephone number ending in "5788" on January 7, 2023, and that the call violated the TCPA. Doughty further alleges that he received the same prerecorded call on his telephone numbers ending in "0995" and "4946" beginning on or about December 21, 2022, through March 20, 2023. Ulery alleges that he received the same prerecorded call on his telephone number ending in "7000" beginning on or about March 15, 2022, through January 30, 2023. Plaintiffs purport to bring their case on a class basis. Plaintiffs seek damages from ISI and EDM.

63. EDM provided Doughty's lead to ISI.

64. Plaintiffs allege that EDM also sourced a lead for Ulery.

65. Based on the EDM Agreement, EDM has a duty to indemnify ISI against such claims.

66. Specifically, the EDM Agreement included an Indemnification provision which, in relevant part, provides that:

> **Indemnification by Service Provider.** Service Provider shall indemnify, defend, and hold ISI, its vendors, affiliates, directors, officers, employees, suppliers, agents, successors, and assigns harmless from and against all actual or alleged direct liabilities, losses, costs, claims, expenses, (including reasonable attorney's fees), and damages of any kind relating to or arising from or in connection with alleged or actual infringement by the Service Provider of a third party's intellectual property rights or other rights in connection with the supply or performance of Services under the Agreement; (ii) any act or omission related to Service Provider's performance of its obligations or failure to perform its obligations under this Agreement and any applicable IO, (ii) any failure by Service Provider to comply with representations and warranties hereunder; (iv) any and all violation of law, rule, regulation, or other such binding legal authority by Service Provider; or (vi) Service Provider's infringement of the Intellectual Property of any third party or breach of this Agreement and/or any IO(s).

*See* **Ex. 1** ¶ 9.a.

67. Plaintiffs' claims are premised, at least in part, on allegations concerning the conduct of the EDM, with which ISI had a contractual relationship. To the extent that any of the liability in this case is premised on the conduct, actions or omissions of ISI or EDM with which ISI contracted, EDM is required to indemnify ISI for all losses, liability, attorneys' fees and other expenses associated with this action.

68. To date, EDM has refused to indemnify ISI for any amounts associated with this litigation, resulting in harm to ISI. As a result of EDM's actions, ISI has suffered injury, including not but limited to, incurring significant legal costs in investigating and defending against Plaintiffs' lawsuit.

69. ISI has satisfied all conditions precedent to bringing this claim.

WHEREFORE, ISI respectfully requests this Court to enter judgment in ISI's favor on the claim set forth above and award ISI damages, attorneys' fees and costs, and any other relief permitted under the contract and that this Court deems applicable, just and proper.

## COUNT V
## CONTRIBUTION – EDM & JOHN DOE

70. ISI restates and incorporates by reference Paragraphs 1-69, as if fully set forth herein.

71. ISI denies any liability to Plaintiffs or, to the extent the case is certified to proceed on a class basis, any putative class member.

72. The allegations in Plaintiffs' Amended Complaint were the direct and proximate result of the conduct, actions and omissions of the Third-Party Defendants and/or their agents, representatives and employees and were in no way the result of any conduct, act or omission by ISI.

14

73. If ISI is found liable to Plaintiffs, the Third-Party Defendants are also liable for the same wrongful conduct, and ISI has a right of contribution from the Third-Party Defendants.

WHEREFORE, to the extent that ISI is found liable to Plaintiffs or any putative class member, ISI is entitled to contribution from the Third-Party Defendants. ISI further requests judgment against the Third-Party Defendants for all amounts if ISI is found liable in this action, and for all costs and attorneys' fees incurred by ISI to defend the claims asserted by Plaintiffs in this action and for such other and further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/ Third-Party Plaintiff Insurance Supermarket, Inc., requests that the Court enter judgment against the Third-Party Defendants and award Defendant/Third-Party Plaintiff the following relief:

a. enter judgment in favor of Defendant/Third-Party Plaintiff;

b. award Defendant/Third-Party Plaintiff any such amount, if any, as Defendant/Third-Party Plaintiff is determined to be liable to the Plaintiffs and any putative class members;

c. award Defendant/Third-Party Plaintiff any consequential losses, including all costs, expenses and reasonable attorneys' fees incurred in defense of Plaintiffs' Amended Complaint; and,

    d.  award Defendant/Third-Party Plaintiff contribution to the amount, if any, that Defendant/Third-Party Plaintiff is determined to be liable to Plaintiffs or any putative class member, in such proportion or amount as may later be determined by the Court; and provide such further relief as this Court deems appropriate.

  Respectfully submitted this 30th day of June, 2023.

            JACKSON LEWIS P.C.

            *s/ Amanda A. Simpson*
            Amanda A. Simpson
            390 North Orange Avenue, Suite 1285
            Orlando, Florida 32801
            Telephone: (407) 246-8440
            Amanda.Simpson@jacksonlewis.com

            Jessica S. Reed-Baum
            950 17th Street, Suite 2600
            Denver, Colorado 80202
            Telephone: (303) 892-0404
            Facsimile: (303) 892-5575
            Jessica.Reed-Baum@jacksonlewis.com

            *Attorneys for Defendant/Third-Party Plaintiff,*
            *Insurance Supermarket, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 30th day of June, 2023, a true and correct copy of the foregoing **DEFENDANT INSURANCE SUPERMARKET, INC.'S THIRD-PARTY COMPLAINT AGAINST EDM LEADS, LLC AND UNKNOWN JOHN DOE** was filed and served via CM/ECF upon the following:

Joshua H. Eggnatz
EGGNATZ PASCUCCI
7450 Griffin Road, Suite 230
Davie, FL 33314
jeggnatz@justiceearned.com

Jordan Richards
JORDAN RICHARDS, PLLC
1800 SE 10th Avenue, Suite 205
Ft. Lauderdale, FL 33316
jordan@jordanrichardspllc.com

*Attorney for Plaintiffs*

*s/ Arianna N. Cooper*
for Jackson Lewis P.C.

17